United States District Court
Southern District of Texas

**ENTERED**

June 01, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | § § § | |
| Plaintiff. | § § | |
| V. | § § § | CIVIL ACTION NO. 3:26-cv-00162 |
| REBECCA J. SINGLETON, *et al.*, | § § § | |
| Defendants. | § | |

### OPINION AND ORDER

This case has been referred to me for an initial pretrial and scheduling conference. *See* Dkt. 3. Before anything else happens in this case, however, this court must assure itself of its jurisdiction to hear this dispute.

On May 22, 2026, Defendants purported to remove this case from the County Court at Law No. 3, Brazoria County, Texas. *See* Dkt. 1. According to Defendants' notice of removal, Plaintiff seeks "to sale/evict and unlawfully dispossess defendants of property located at 3006 Brahman Drive, Manvel, Texas 77578." *Id.* at 2. Defendants' notice of removal is procedurally and substantively deficient.

First, Defendants claim to have attached "copies of all process, pleadings, orders, and other papers filed in the state court action." *Id.* at 3. No such papers are attached. **Defendants must file "a copy of all process, pleadings, and orders served upon [them in the state court action]," 28 U.S.C. § 1446(a), by <u>Friday, June 12, 2026</u>.**

Second, the court questions whether Defendants have served Plaintiff with notice of this removal. The Local Rules require all papers to "have at the end a certificate reflecting *how* and *when* service has been made or why service is not required." S.D. Tex. L.R. 5.3 (emphasis added) (citing Fed. R. Civ. P. 5(b)). The certificate of service appended to Defendants' notice of removal states: "I/we

certify that a true and correct copy of the above was served on each attorney of record or party in accordance with the Federal Rules of Civil Procedure on May 22, 2026." Dkt. 1 at 5. This is insufficient. Defendants must specify *how* they served Plaintiff. Was it by mail? Personal delivery? Leaving it at Plaintiff's office or usual place of abode? I will not assume that service has been completed without this information. **Defendants have <u>until Friday, June 12, 2026</u>, to file an amended certificate of service showing *how* and *when* Plaintiff received notice of this attempted removal.**

Third, given that Plaintiffs have not complied with any of the other procedural requirements for removal, the court questions whether Defendants have notified the state court of this removal. This is a substantive deficiency because removal is not complete unless and until Defendants notify the clerk of the state court. *See* 28 U.S.C. § 1446(d) (giving written notice to plaintiff and filing a copy of the notice of removal with the clerk of the state court are required to "effect the removal"). Defendants must understand: **This case has not been removed from state court, and the state court may continue to exercise jurisdiction until the state court clerk is provided with a copy of Defendants' notice of this removal.**

Fourth, Defendants do not assert a recognized ground for removal jurisdiction. Defendants' only grounds for removal are that *Defendants* have asserted federal causes of action against Plaintiff. *See* Dkt. 1 at 3–4. "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Thus, Defendants' federal causes of action, asserted in response to Plaintiff's state law claims, cannot be the basis for removal. The "well pleaded complaint" that Defendants reference in their notice of removal refers to the *Plaintiff's* well-pleaded complaint, not the Defendants' answer or counterclaim. *See* Dkt. 1 at 3. Thus, Defendants must identify a basis for federal jurisdiction that arises from the face of *Plaintiff's* state court petition.

**Defendants have <u>until Monday, June 22, 2026</u>, to amend their notice of removal and identify a basis for federal jurisdiction from the face of Plaintiff's state court petition. Failure to establish a basis for federal jurisdiction <u>by Monday, June 22, 2026</u>, *will* result in remanding this action to state court.**

The Clerk shall mail a copy of this order to Plaintiff's counsel at:

Coury M. Jacocks
McCalla Raymer Leibert Pierce, LLC
1320 Greenway Drive, Suite 780
Irving, Texas 75038

SIGNED this 1st day of June 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE